**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| MAKETA S. JOLLY, | Case No. 2:22-cv-00432-ART-VCF |
| Plaintiff, | **Report and Recommendation** |
| vs. | APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 4) AND COMPLAINT (ECF NO. 1-1) |
| JOHN HERMINA, et al. | |
| Defendants. | |

Pro se plaintiff Maketa S. Jolly filed an application to proceed in forma pauperis (IFP) and a complaint. ECF Nos. 4 and 1-1. I recommend that her complaint be dismissed for lack of jurisdiction. ECF No. 1-1. I also recommend that her application to proceed in forma pauperis be denied. ECF No. 4.

**I.   Discussion**

Plaintiff's filings present two questions: (1) whether plaintiff may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether plaintiff's complaint states a plausible claim for relief.

**II.   Whether Plaintiff May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases).

A "district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*,

152 F.3d 1113, 1115 (9th Cir. 1998); see also *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (recognizing Congress' concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").

Consistent with this principle, a district court may properly deny an IFP application where the movant has not carried his burden of establishing standing and jurisdiction. *Minetti,* 152 F.3d at 1115; see also *Ghazibayat v. SBC Advanced Sols., Inc*., 288 F. App'x 408 (9th Cir. 2008) (affirming the district court's denial of IFP application where complaint that was barred by Rooker-Feldman doctrine on its face); *Camarena v. Jones*, 19 F. App'x 665 (9th Cir. 2001) (affirming denial of IFP application where the complaint alleged a constitutional violation because the "district court does not have jurisdiction over an action that requires the review of a state court judgment") (citing *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994)).

As explained in this report and recommendation, I recommend denial of plaintiff's IFP application because the court lacks jurisdiction over her complaint. ECF No. 1-1.

**III.     Screening the Complaint**

   **a.  Legal Standard**

Federal courts must screen any IFP complaint or amended complaint before allowing the case to move forward, issuing summons, and requiring an answer or responsive pleading. See *Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints"). The Court must review plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B). Allegations are frivolous when they are "clearly baseless" or lack an arguable basis in law and fact. see *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

If the court determines that the complaint fails to state an actionable claim, the complaint dismissed without prejudice and the plaintiff is ordinarily given leave to amend with directions as to curing the pleading deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Allegations in a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, pro se litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and federal statutes. *Rasul v. Bush*, 542 U.S. 466, 489, 124 S. Ct. 2686, 159 L. Ed. 2d 548 (2004). There are two kinds of subject matter jurisdiction: (a) federal question, giving the district court original jurisdiction over all "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (a) diversity of citizenship, giving the district court original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000, 28 U.S.C. § 1332.

"A federal district court is obligated to ensure it has jurisdiction over an action, and once it determines it lacks jurisdiction, it has no further power to act." *Guerra v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1017-18 (D. Nev. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Lack of subject matter jurisdiction may

be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

### b. Analysis

Plaintiff states that she lives in Media, Pennsylvania and she brings Section 1983[1] claims against her former attorney and his law firm, John Hermina and the Hermina Law Group. ECF No. 1-1 at 6. She alleged that, "[t]his complaint comes before the United States District Courts of Nevada to determine the veracity of constitutional harms perpetrated in the United States District Courts, Eastern District of New York by former counsel, Mr. John Wadie Hermina, ("Hermina or law firm") Hermina Law Group is located 8327 Cherry Ln, Laurel, MD 20707." Her complaint is rambling and difficult to follow, but she appears to allege that her Maryland attorney represented her in the United States District of New York and the United States District of Pennsylvania back in 2004, and she was apparently not happy with his services. *Id.*

Regarding jurisdiction, plaintiff states that there are,

> [T]wo considerations for federal determination: 28 U.S. C. §1367-
> "Supplemental Jurisdiction" and 28 U.S. Code§ 1332 "Diversity
> Jurisdiction". Therefore, an inquiry by a federal court sitting in diversity
> in Nevada could preside over the personal authority of a nonresident
> who failed to gain access to fair judicial processes and due process in the
> United States District Courts of New York, Eastern District. In Patin v
> .... Macleod court, Courts did not determine whether a different state law
> could be used as the federal rule for determining the preclusive effect of
> jurisdictional findings made by a federal court sitting in diversity If the

---

[1] 42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. To state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48-49, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

>plaintiff prevails on this theory on the merits, then she would also have prevailed on the jurisdictional issue presented here. Because there is prior reporting in attorney abuses, or failures, the court's inaction caused additional constitutional deprivations.

See *Id.* at 7.

Plaintiff has not invoked this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Although plaintiff and the defendants are citizens of different states (Pennyslvania and Maryland), none of the parties are citizens of Nevada and nothing she complains of happened in Nevada. Plaintiff appears to argue that this Court should take her case because she is not able to gain access to the United States District Courts of New York, Eastern District, but her argument is without merit. It is also a matter of public record that the United States District Courts of New York, Eastern District has previously sanctioned plaintiff for litigating vexatiously. See *Castellaw v. Excelsior Coll*., No. 14-CV-1048 (PKC) (RLM), 2021 U.S. Dist. LEXIS 135182, at 17 (E.D.N.Y. July 20, 2021)("Plaintiff Maketa Jolly, proceeding pro se, sought to reopen this over seven-year-old class action—which settled and was dismissed with prejudice…[Jolly] has filed multiple, duplicative lawsuits in federal courts across several states [listing cases]…[Jolly] is required each time to obtain permission from the Court by filing a one-page letter showing cause why the submission should be accepted.")

This court does not have appellate jurisdiction to review any decision by any other district court. Because it is clear from the face of the complaint that the court lacks jurisdiction and there is no possibility that the jurisdictional defect can be cured by amendment, I recommend that this case be dismissed and the Clerk of the Court be instructed to close the case.

ACCORDINGLY,

I RECOMMEND that plaintiff's application to proceed in forma pauperis (ECF No. 4) be DENIED.

5

I FURTHER RECOMMEND recommend that plaintiff Jolly's complaint (ECF No. 1-1) be DISMISSED.

I FURTHER RECOMMEND the Clerk of the Court be instructed to enter judgment accordingly.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 21st day of April 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

6